## Thomas W. Endicott v. William S. Scott.

Action on a draft in favor of plaintiff, drawn by defendant on a person with whom he was connected as a partner in planting. This partner being much in debt, has conveyed to the intervenor, by a deed of trust, executed in another state, his entire interest in the plantation and slaves, for the purpose of applying the crops to the payment of his debts. The intervenor was in possession under the deed, with the knowledge of defendant; though the latter was not a party to the instrument. Plaintiff having attached a part of the crop made by the intervenor on the plantation : *Held*, that the latter cannot be deprived by the creditors of either partner, of any part of the crop, until all the expenses of his management of the plantation have been reimbursed, and that the plaintiff could attach in the hands of the intervenor, only the balance due to defendant on a settlement of accounts.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Chinn*, for the plaintiff.

*Grymes*, for the intervenor and appellant.

MARTIN, J. William F. Smith, intervened in this case to claim the cotton attached, and is appellant from a judgment against him. The defendant and one Cox were concerned in planting in the State of Mississippi, and were, as such, indebted to the plaintiff. Scott gave Endicott a draft on Cox for the debt, on which the present suit was brought. Cox being largely indebted to several banks, and other creditors in the State of Mississippi, on the 27th

of April, 1840, made a deed of trust to the intervening party and appellant, of the plantation and slaves, for the purpose of the latter's receiving the crops, as far as Cox was interested therein, to wit, three-fourths thereof, and of applying the same to the discharge of Cox's debts aforesaid, until thereby, or by other means, they should be satisfied. In pursuance of this arrangement, the intervening party took possession of the plantation and slaves, and the cotton he claims was raised on the plantation, and shipped by him to New Orleans, where it was attached by the plaintiffs, as the property of the defendant. Cox is now dead, and his representative is not a party to the present suit. It appears to us that the first judge erred. The cotton was in the possession of the appellant, under a deed of trust from Cox, to which the defendant, it is true, was not a party; but certainly with the defendant's knowledge, as it is in evidence that he overdrew, or had under his control, more than his proportion of the crop of 1841, and in consequence of his promise to the appellant to refund to him this overplus, the latter has, since the present attachment was levied, delivered to him thirty bales of cotton. The appellant being, under the deed of trust of one of the parties, interested in the plantation, and, with the knowledge of the other, in possession of it, the slaves, cattle, &c., cannot be deprived by the creditors of either, of any part of the crop raised, until all the expenses attending his management of the plantation are reimbursed; and all that the plaintiff could have attached, in the appellant's hands, was any balance due by the appellant to the defendant on a settlement of accounts.

The judgment of the District Court is therefore annulled and reversed, and ours is in favor of the intervenor, sustaining his demand for the cotton attached, or its proceeds as set forth in the pleadings, with costs in both courts.